**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                :      Chapter 13

In re:                                          :

                                                :      Case No. 15-35224   (CGM)

Maggie Garrido-Yarnis,                 :

                            Debtor.    :

-----------------------------------------------------------X

# MEMORANDUM DECISION DENYING MOTION TO AVOID IRS TAX LIEN

**A P P E A R A N C E S :**

Thomas W. Bauer Esq. CPA
42 Catharine Street
Poughkeepsie, NY 12601
*Attorney for Debtor*
      By: Thomas W. Bauer

Preet Bharara
United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
*Attorney for the Internal Revenue Service*
      By:  Stephen Cha-Kim

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is Debtor's motion to avoid an Internal Revenue Service ("IRS") tax lien against the Debtor's real property.  Because the tax lien attaches to real and personal property, Debtor has not met her burden of demonstrating that the tax lien is wholly unsecured and the Court denies the motion.

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate); 157(b)(2)(K) (determinations of the validity, extent, or priority of liens).

### Background[1]

On February 12, 2015, Debtor filed for chapter 13.  Vol. Pet., ECF No. 1.  On December 21, 2015, Debtor filed a motion seeking to avoid a federal tax lien pursuant to 11 U.S.C. § 506. Mot., ECF No. 62.  The IRS opposes the motion on several grounds, including: 1) a modification of its lien can only occur through the chapter 13 plan and not solely through the use of § 506; and 2) under §§ 1322 and 1325 only wholly unsecured liens can be avoided, which is not proven here.  Opp., ECF No. 68.

### Discussion

Debtor argues that § 506(d) may be used to void statutory liens, such as the liens held by the IRS in this case.  The Supreme Court, in *Dewsnup v. Timm*, defined "secured" in the context of § 506(d) in a somewhat confusing manner and completely differently than its definition in § 506(a). 502 U.S. 410, 422 (1992).  For purposes of § 506(d), a claim is secured if it is "'secured' in the ordinary sense, i.e., that is backed up by a security interest in property, whether or not the value of the property suffices to cover the claim." *See In re Strober*, 136 B.R. 614, 619 (Bankr. E.D.N.Y. 1992).  A claim is either secured under § 506(d) or it is not.

---

[1] All citations in the Background are to the electronic docket of bankruptcy case number 15-35224, unless otherwise indicated.

> There is no basis [under the Bankruptcy Code] to divide the claim into separate claims for each type of collateral—i.e., one claim secured by the real property and a second claim secured by the personal property—which would then be independently analyzed to determine whether they are allowed secured claims.

*In re Williams*, 488 B.R. 492, 499 (Bankr. M.D. Ga. 2013). Thus, the IRS' claim here is clearly "secured" for purposes of § 506(d).

While Debtor did not move under § 506(d), Debtor implied that the Second Circuit's decision in *In re Pond* allows the lien to be avoided. *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 125 (2d Cir. 2001). As such, the Court will consider the Debtor's motion under that standard. *Pond* allows a Debtor to avoid a mortgage lien by using § 506(a) in conjunction with §1322(b)(2). *Pond*, 252 F.3d at 125. Section 506(a) allows a debtor to divide a claim into secured and unsecured portions. 11 U.S.C. § 506(a). Thus, one must look to § 506(a) to determine whether *any* portion of a creditor's claim is secured. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328 (1993). If there is any portion of the claim that is secured, the creditor's rights in the entire claim are protected under § 1322(b)(2), which states that "the plan may . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." *Pond*, 252 F.3d at 125; 11. U.S.C. § 1322(b)(2).

Normally, *Pond* is used to avoid wholly unsecured junior mortgage liens. *Id.* Mortgage liens generally attach only to a specific parcel or parcels of real property. Federal tax liens are different. The Internal Revenue Code states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.  This language creates a single lien on all of a debtor's real and personal property.  "[E]ven if one or more properties subject to [the IRS'] lien is without value, if any of the property retains value, Debtors cannot bifurcate [the IRS'] undersecured claim into secured and unsecured claims." *Hoekstra v. United States (In re Hoekstra)*, 255 B.R. 285, 291 (E.D. Va. 2000).

So long as the IRS' lien retains any value, including even one dollar of security in Debtor's personal property, the entire lien is considered secured and cannot be avoided. *Nobelman*, 508 U.S. at 328-29.  The Court is aware that the Third Circuit held differently in *Hammond v. Commonwealth Mortg. Corp. (In re Hammond)*, 27 F.3d 52, 56 (3d Cir. 1994).  In *Hammond*, the Third Circuit focused on the word "solely" in § 1322 and held that the antimodification clause does not protect a mortgagee that holds a lien on both real and personal property (i.e. appliances, machinery, furniture, and equipment).  *Id.* at 58.  The Court believes that this is not consistent with the Supreme Court's decision in *Nobelman*, which rebuked reading a clause that was "sensible as a matter of grammar" to compel the meaning of "secured claim."  *Nobelman*, 508 U.S. at 330-31.  As such, this Court does not adopt the same reasoning.

Here, Debtor has submitted an appraisal of her real property only.  To show that there is no equity to support the IRS' tax lien, Debtor must demonstrate that there is no value in her personal property as well.  Thus, Debtor has not met her burden of demonstrating that the IRS' lien is wholly unsecured and can be avoided.

## Conclusion

For the foregoing reasons, Debtor's motion to avoid the IRS' tax lien is DENIED. The IRS shall submit an order consistent with this Memorandum Decision.



**Dated: February 10, 2016**
      **Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**